1
2
3
4
5
6
7

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIM AVOY, on behalf of herself and all others similarly situated, ) | Case No.: 13-CV-0236-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE |
| v. ) | |
| TURTLE MOUNTAIN, LLC, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Kim Avoy ("Avoy" or "Plaintiff") brings this putative class action against Turtle Mountain, LLC ("Turtle Mountain" or "Defendant"), alleging that Defendant's package labeling is unlawful and deceptive and thus misbranded in violation of state law. Defendant moves to dismiss Avoy's operative complaint and moves to strike certain averments therein, *see* ECF No. 32 ("Mot."); Avoy opposes, *see* ECF No. 35 ("Opp'n"); and Turtle Mountain replies, *see* ECF No. 38 ("Reply").

Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Defendant's Motion to Dismiss the First Amended Complaint and DENIES as moot Defendant's Motion to Strike Plaintiff's averments.

# I.     BACKGROUND

## A.     Factual Allegations

Turtle Mountain is a privately held natural foods company that specializes in the creation of dairy free productions. *See* First Am. Compl. ("FAC") ¶ 4. Turtle Mountain produces a variety of frozen desserts, beverages, and cultured food products. Its two most prominent brands, So Delicious Dairy Free and Purely Decadent, can be found in grocery stores and natural food stores in California and throughout the United States. *Id.*

Avoy is a California consumer who "cares about the nutritional content of food and seeks to maintain a healthy diet." *Id*. ¶¶ 20, 58. Since January 17, 2009, Avoy purchased six of Defendant's products: So Delicious Chocolate Velvet Soy Milk Dairy-Free Frozen Dessert, So Delicious Creamy Vanilla Soy Milk Dairy-Free Frozen Dessert, So Delicious Blueberry Cultured Coconut Milk "Yogurt," So Delicious Vanilla Cultured Coconut Milk "Yogurt," So Delicious Original Coconut Milk Creamer, and So Delicious French Vanilla Coconut Milk Creamer (collectively the "Purchased Products"). *Id.* ¶¶ 1, 2, 59.

Avoy argues that the Purchased Products are "misbranded" because the labels list "organic dehydrated cane juice" or "organic evaporated cane juice" as an ingredient. *Id.* ¶ 6.[1] Avoy contends that these ingredients are essentially "sugar" or "dried cane syrup," *id.* ¶ 8, 9, yet that "[a]s part of its overall marketing strategy, Defendant recognizes that consumers desire to eat a healthier diet comprised of foods with no added sugar," *id.* ¶ 5, and that the Purchased Products "mislead consumers into paying a premium price for inferior or undesirable ingredients or for products that contain ingredients not listed on the label," *id.* ¶ 47. Avoy asserts that she "read and reasonably relied upon the ingredient list on Defendant's [Purchased Products] before purchasing Defendant's products." *Id.* ¶ 60. Avoy further claims that she "based and justified the decision to purchase Defendant's products in substantial part on Defendant's package labeling." *Id.* ¶ 61. Finally, Avoy

---

[1] The complaint uses the terms "organic dehydrated cane juice" and "organic evaporated cane juice" interchangeably. *See* FAC ¶ 17 ("For purposes of labeling regulations, there is no material difference between 'Organic Dehydrated Cane Juice' and 'Organic Evaporated Cane Juice.'"). For simplicity, the remainder of this Order refers only to "organic evaporated cane juice."

Case No.: 13-CV-0236-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S
MOTION TO STRIKE

asserts that she "did not know, and had no reason to know that, the [Purchased Products] were misbranded," and that she "would not have bought the products had Plaintiff known the truth about them." *Id.* ¶ 62.

Avoy also alleges that numerous other Turtle Mountain products (collectively the "Substantially Similar Products") make the same label misrepresentations and "violate the same regulations of [California law]" as the Purchased Products. *Id.* ¶ 3. These Substantially Similar Products include 65 frozen desserts, cultured coconut milk "yogurts," coconut milk beverages, and creamers that allegedly listed one of the complained-of ingredients on their labels during the class period. *See id.* ¶ 66 (listing the Substantially Similar Products by name).

Avoy alleges that Turtle Mountain's use of the term 'evaporated cane juice' as an ingredient on the package labels of the Purchased Products and Substantially Similar Products violates certain California laws that have adopted federal regulations. *See id.* ¶¶ 40–57. Specifically, Avoy contends that Defendant's use of that term violates: (a) the FDA's definition of the term "juice," *see* 21 C.F.R. § 120.1(a) (defining "juice" as "the aqueous liquid expressed or extracted from one or more fruits or vegetables, purees of . . . fruits or vegetables, or any concentrations of such liquid or puree"); (b) the FDA's requirements for identifying sugar and cane syrup on food labels, *see* 21 C.F.R. §§ 101.4(b)(20) (sugar), 168.130 (cane syrup); and (c) the FDA's blanket requirement that foods must be referred to by their common or usual names and not by names "confusingly similar to the name of another food that is not reasonably encompassed within the same name." *Id.* ¶¶ 40–46 (quoting 21 C.F.R. § 102.5(a)).

Avoy alleges that by manufacturing, advertising, distributing, and selling misbranded products, Defendant has violated California Health & Safety Code Sections 110390, 110395, 110398, 110400, 110660, 10725(a), 110760, 110765, and 110770. *See* FAC ¶¶ 49–56. In addition, Avoy asserts that Defendant has violated the standards set by 21 C.F.R. §§ 101.4, 101.30, 102.5, and 120.1, as well as by 21 U.S.C. § 343, which have been incorporated by reference into California's Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Cal. Health & Safety Code §§ 109875 *et seq. See* FAC ¶¶ 11, 40–45; *see also* Cal. Health & Safety Code § 110100(a) ("All

Case No.: 13-CV-0236-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S
MOTION TO STRIKE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

food labeling regulations and any amendments to those regulations adopted pursuant to [federal statutes governing food labeling] in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state.").

Based on these alleged regulatory and statutory violations, Avoy's amended complaint alleges the following causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, for unlawful, unfair, and fraudulent business acts and practices (claims 1, 2, and 3); (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, for misleading, deceptive, and untrue advertising (claims 4 and 5); (3) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (claim 6); (4) restitution based on unjust enrichment/quasi-contract (claim 7). *See* FAC ¶¶ 82–142.

**B.    Procedural History**

Avoy filed an Original Complaint on January 17, 2013. ECF No. 1. Turtle Mountain moved to dismiss on May 1, 2013. ECF No. 19. On June 25, 2013, pursuant to a stipulation between the parties, Avoy amended her complaint. ECF Nos. 24, 25. Turtle Mountain filed its Motion to Dismiss the amended complaint on July 25, 2013. ECF No. 32. On October 7, 2013, Avoy filed her Opposition, ECF No. 35, as well as a request that the Court take judicial notice of certain exhibits, ECF No. 36.[2] Turtle Mountain filed its Reply on October 31, 2013. ECF No. 38. In addition to its

---

[2] While a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Proper subjects of judicial notice when ruling on a motion to dismiss include materials available on government websites, *see, e.g., Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-1166, 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009), materials available on other publically accessible websites, *see Caldwell v. Caldwell*, No. 05-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006), and pleadings in other relevant proceedings, *see Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

Plaintiff requests that the Court take judicial notice of nine separate exhibits, Exhibits A-I, that are various publicly available FDA warning letters and guidance documents. *See* ECF No. 36. Plaintiff also requests that the Court take judicial notice of three additional exhibits, Exhibits J-L, on the basis that they are pleadings in other relevant proceedings and, again, are public records.

4

Case No.: 13-CV-0236-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

1    Reply, Turtle Mountain has filed two Statements of Recent Decision relevant to the pending

2    Motions. ECF Nos. 39, 40.

3    **II.      LEGAL STANDARDS**

4           Turtle Mountain bases its motion to dismiss on the standards set forth in Rules 12(b)(1),

5    12(b)(6), and 9(b) of the Federal Rules of Civil Procedure and its motion to strike on Rule 12(f).

6    These standards are outlined below.

7           **A.      Rule 12(b)(1)**

8           A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant

9    to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter

10   jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish

11   subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th

12   Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the

13   pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual

14   disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560

15   (9th Cir. 1988). At the motion to dismiss stage, the plaintiff bears the burden of establishing the

16   court's jurisdiction through allegations of "specific facts plausibly explaining" why the standing

17   requirements are met. *Barnum Timber Co. v. United States Envtl. Prot. Agency*, 633 F.3d 894, 899

18   (9th Cir. 2011). If the plaintiff lacks standing under Article III of the U.S. Constitution, then the

19   court lacks subject matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for

20   a Better Env't*, 523 U.S. 83, 101–02 (1998).

21          **B.      Rule 12(b)(6)**

22          Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an

23   action for failure to state a claim upon which relief can be granted. The level of specificity that

24   Rule 12(b)(6) requires depends on the nature of the claim. In the normal course, Rule 8(a)(2)

25   governs and requires a complaint to contain "a short and plain statement of the claim showing that

26   the pleader is entitled to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In cases

27
     Defendant does not oppose Plaintiff's request. In accordance with the principles discussed above,
28   the Court GRANTS Plaintiff's Request for Judicial Notice.

Case No.: 13-CV-0236-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S
MOTION TO STRIKE

**United States District Court**
For the Northern District of California

involving fraud, the complaint must meet a heightened standard, as discussed in more detail below. Under either Rule 8 or Rule 9, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

A court need not accept as true allegations contradicted by judicially noticeable facts. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.  Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

### C.    Rule 9(b)

Claims sounding in fraud or mistake are subject to the heightened pleading requirements of Rule 9(b), which requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy Rule's 9(b)'s heightened standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud

Case No.: 13-CV-0236-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

1  charged so that they can defend against the charge and not just deny that they have done anything

2  wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud

3  must allege "an account of the time, place, and specific content of the false representations as well

4  as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764

5  (9th Cir. 2007) (per curiam) (internal quotation marks omitted). The plaintiff must set forth what is

6  false or misleading about a statement, and why it is false. *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d

7  1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Ronconi*

8  *v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001).

9      **D.**    **Rule 12(f)**

10        Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an

11  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

12  P. 26(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money

13  that must arise from litigating spurious issues by dispensing with those issues prior to trial."

14  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are

15  generally disfavored and "should not be granted unless the matter to be stricken clearly could have

16  no possible bearing on the subject of the litigation . . . . If there is any doubt whether the portion to

17  be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte*

18  *Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted).

19  "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the

20  light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a motion to strike

21  lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, No. 12–

22  846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi–Craft*

23  *Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

24      **E.**    **Leave to Amend**

25        If the Court determines that the complaint should be dismissed, it must then decide whether

26  to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

27  "should be freely granted when justice so requires," bearing in mind that "the underlying purpose

28

United States District Court
For the Northern District of California

7

of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.    DISCUSSION

Defendant moves to dismiss Avoy's amended complaint for five reasons: (1) Plaintiff's claims do not plead reliance with the particularity required under Rule 9(b); (2) Plaintiff lacks standing to pursue some of her claims; (3) Plaintiff's claims should be dismissed under the doctrine of primary jurisdiction; (4) California's conflict-of-laws analysis prohibits non-California class plaintiffs from bringing a claim under the UCL, FAL, or CLRA; and (5) Plaintiff's unjust enrichment claim is not a legally cognizable cause of action. *See* Mot. at 1–2. In addition, Defendant moves to strike "immaterial averments" regarding Substantially Similar Products that Avoy did not purchase, statements on the Defendant's website, and Plaintiff's nationwide class allegations. *Id.*

As discussed below, the Court holds that Avoy has failed to allege her UCL, FAL, and CLRA claims with the particularity required by Rule 9(b). The Court further holds that Avoy's unjust enrichment claim fails because it does not state a viable cause of action. Because these rulings dispose of all the claims in Avoy's complaint, the Court does not reach Turtle Mountain's remaining arguments for dismissal or its motion to strike.

### A.        Factual Allegations of Reliance

As this Court recently confirmed, to state a claim under the UCL, FAL, and CLRA, Avoy must allege facts sufficient to show that she relied on the defendant's alleged misrepresentation. *See Kane v. Chobani*, No. 12-2425, 2013 WL 5289253, at *5-6 (N.D. Cal. Sept. 19, 2013) (collecting authority). Although actual reliance is presumed, or at least inferred, when a

Case No.: 13-CV-0236-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S
MOTION TO STRIKE

1    misrepresentation is material, *see In re Sony Gaming Networks & Customer Data Sec. Breach Lit.*,

2    903 F. Supp. 2d 942, 969 (S.D. Cal. 2012) (citing *In re Tobacco II Cases*, 46 Cal.4th 298, 306

3    (2009)), a plaintiff must still plausibly allege that the misrepresentation was material, i.e., that a

4    reasonable person "would attach importance to [the misrepresentation's] existence or nonexistence

5    in determining his choice of action in the transaction in question." *In re Tobacco II Cases*, 46

6    Cal.4th at 327.

7         Avoy's allegations of reliance must meet the strictures of Rule 9(b) for her UCL, FAL, and

8    CLRA claims. *See Brazil v. Dole Food Co., Inc.*, 935 F. Supp. 2d 947, 963–64 (N.D. Cal. 2013)

9    (applying Rule 9(b) to similar claims of food misbranding under the UCL, FAL, and CLRA);

10   *Kane*, 2013 WL 5289253, at *7 n.4 (same). Here, Turtle Mountain argues that Avoy fails to meet

11   the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) with respect to all of

12   her Purchased Product and Substantially Similar Product claims. *See* Mot. at 4-6. For the reasons

13   explained below, the Court agrees.

14                    **1.   Purchased Products**

15        With respect to the Purchased Products, Turtle Mountain contends that Avoy failed to

16   "allege facts showing how she relied on Defendant's labels." Mot. at 4. Viewed in a light most

17   favorable to Avoy, the allegations of reliance in the first amended complaint are as follows:

18   "consumers desire to eat healthier foods with no added sugar," FAC ¶ 5, the Purchased Products

19   "mislead consumers into paying a premium price for inferior or undesirable ingredients or for

20   products that contain ingredients not listed on the label," *id.* ¶ 47, and Avoy would not have

21   purchased products containing "evaporated cane juice" had she known the "truth" about the

22   ingredient, *id.* ¶ 62, namely, that it is "really just sugar (or dried cane syrup)," *id.* ¶ 60.

23        The labels to the Purchased Products fatally undermine Avoy's claims. All the labels Avoy

24   included in her complaint (labels for 4 of the 6 Purchased Products) list "Sugar" or "Sugars" as an

25   included nutrient and contain the terms "sugar," "syrup," or "dextrose" in their ingredient lists.

26   Mot. at 5; *see, e.g.*, FAC ¶ 59(b) (featuring a picture of the front and back label of So Delicious™

27   Creamy Vanilla Dairy Free Frozen Dessert, with the ingredient list containing "organic brown rice

28

9

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

syrup and/or organic tapioca syrup" and "tapioca sugar"). The labels introduced in the amended complaint negate Avoy's contention that, even though she was purchasing frozen desserts and yogurts with sugar, the listing of "Organic Evaporated Cane Juice" misled her into believing—or would mislead a reasonable person into believing— the products did not contain sugar.

A decision from this Court that issued after Avoy filed her amended complaint, *Kane v. Chobani*, guides the Court's analysis here. In *Kane*, the plaintiff alleged she believed the products at issue "only [contained] natural sugars from milk and fruit and did not contain added sugars or syrups," and therefore the defendant's inclusion of "evaporated cane juice" on the label was misleading. 2013 WL 5289253, at *3. However, the Court noted that plaintiff used the term "dried cane syrup" and "sugar" interchangeably throughout the complaint, showing a level of understanding of "dried cane syrup" that undermined Kane's lack of understanding of the ingredient "evaporated cane juice." *Id.* at *7. This Court found Kane's evaporated cane juice claims to be implausible, stating:

> The SAC fails to explain how Plaintiffs could have realized that dried cane syrup was a form of sugar, but nevertheless believed that evaporated cane juice was not. What is more, the SAC fails to allege what Plaintiffs believed evaporated cane juice to be if not a form of sugar. . . . Absent some factual allegation concerning what Plaintiffs believed [evaporated cane juice] to be if not a form of sugar or a juice containing some form of sugar, Plaintiffs' allegations that they read the label, were aware that the Yogurts contained [evaporated cane juice], and nevertheless concluded that the Yogurts contained "only natural sugars from milk and fruit and did not contain added sugars or syrups" [are] simply not plausible.

*Id.*[3]

---

[3] The Court in *Kane* couched its decision in terms of standing, concluding that Plaintiff failed to demonstrate the actual injury and economic injury required to demonstrate standing under Article III, as well as the UCL, FAL, and CLRA. 2013 WL 5289253, at *8. The Court concluded that because "the [Second Amended Complaint's] allegations concerning Plaintiffs' reliance on Defendant's [evaporated cane juice] statements are insufficiently pleaded for purposes of Rules 8(a) and 9(b), . . . Plaintiffs have failed to demonstrate that they have standing to bring these claims." *Id.* Although Turtle Mountain relies heavily on the reliance ruling in *Kane*, it appears to do so in the context of Rule 12(b)(6) rather than 12(b)(1). *Compare* Mot. at 3-6 (reliance arguments) *with id.* at 8-13 (Article III standing arguments). Because "[t]he requirements of Article III turn on the nature of the claim that is asserted," *In re Google AdWords Litigation*, No. 08-3369, 2012 WL 28068, at *10 (N.D. Cal. Jan. 5, 2012) (citing *Warth v. Seldin*, 422 U.S. 490, 500 (1975)), and because the decision in *Kane* found the reliance allegations insufficient under Rules 8(a) and 9(b), the Court concludes that, whether viewed as an injury-in-fact standing requirement

United States District Court
For the Northern District of California

1     Likewise, in this case, Avoy claims she would not have purchased the product had she

2  known "the truth" about "evaporated cane juice," FAC ¶ 62, because consumers want to avoid

3  "added sugar." However, Avoy's amended complaint uses "dried cane syrup" and "sugar"

4  interchangeably, indicating that she understands that "dried cane syrup" is sugar. *See* FAC ¶ 60

5  ("Plaintiff would not have purchased Defendant's Misbranded Food Products had Plaintiff known

6  that the ingredient 'Organic Dehydrated Cane Juice' or 'Organic Evaporated Cane Juice' on

7  Defendant's Misbranded Food Products was really just sugar (or dried cane syrup)."). In light of

8  the complaint's conflation of "dried cane syrup" and "sugar," Avoy does not plead any facts to

9  explain how she (or a reasonable person) would perceive a difference between the terms "dried

10  cane syrup" and "evaporated cane juice," nor does she provide any plausible explanation for what

11  she (or a reasonable person) believes "evaporated cane juice" to be, if not sugar. Indeed, this case

12  provides an even stronger basis for dismissal than in *Kane*, since at least 4 of the 6 Purchased

13  Products contain other forms of sugar in the ingredients list, such as "organic brown rice syrup" or

14  "tapioca sugar." FAC ¶ 59(b). Avoy fails to provide any explanation that reconciles her allegation

15  that Turtle Mountain misled her into buying products with no added sugar despite the presence of

16  these ingredients on the label.

17     Plaintiff also contends that the bare allegation that the Purchased Products are misbranded

18  satisfies the reliance element of her claims. *See* Opp'n at 11. This "illegal product" theory—which

19  rests on the presumption that "[a] reasonable person would . . . attach importance to whether

20  Defendant's products were legally salable, and capable of legal possession," FAC ¶ 68—has

21  already been rejected by this Court. *See Kane*, 2013 WL 5289253, *9 ("Plaintiffs' 'illegal product'

22  theory would eviscerate the enhanced standing requirements imposed by Proposition 64 and the

23  California Supreme Court's decision in *Kwikset* [*Corp. v. Superior Court*, 51 Cal.4th 310

24  (2011)]."). Plaintiff provides no basis for the Court to revisit that decision here.

25     Finally, Plaintiff asserts in her opposition brief that not all sugars are "created equal," and

26  that the Court should not presume that "consumers do not care about the differences." Opp'n at 13.

27

28

as in *Kane* or as an element of a representative plaintiff's state-law claims as here, the analysis is
the same.

11

1    This preference for some added sugars over others, however, was not pleaded by Avoy in her

2    complaint and thus the Court does not address whether such an allegation could cure the

3    deficiencies in Plaintiff's reliance allegations.[4]

4          Accordingly, the Court GRANTS Defendant's Motion to Dismiss as to Plaintiff's

5    Purchased Product claims. Because Avoy may be able to correct the deficiencies in her reliance

6    allegations, this dismissal is without prejudice.

7                        **2.  Substantially Similar Products**

8          Defendant further argues that Avoy's claims regarding the Substantially Similar Products

9    do not meet the heightened pleading standards of Rule 9(b) because she "fails to allege fact[s] as to

10   why 65 unpurchased products should be considered substantially similar to the purchased products,

11   and she fails to state which and where representations appeared on each product." Mot. at 6

12   (internal quotation marks omitted). The Court disagrees that Avoy has failed to demonstrate how

13   the Substantially Similar Products are, in fact, substantially similar to the Purchased Products. The

14   Substantially Similar Products are merely different flavors of the Purchased Products, and Avoy

15   has alleged that each Substantially Similar Product has "the same label representations" as the

16   Purchased Products, FAC ¶ 66, namely, inclusion of "organic evaporated cane juice" in the

17   ingredients list. Nevertheless, because the underlying claim—deception about "evaporated cane

18   juice"—is based on the same allegations of reliance as for the Purchased Products,[5] Avoy's

19   ───────────────────

20   [4] In one paragraph of her amended complaint, Avoy references Turtle Mountain's website and its
     classification of Turtle Mountain's yogurts. FAC ¶ 6. Avoy alleges that "Defendant's web address

21   is printed on its 'yogurt' package labels, and by law Defendant's website misrepresentations are
     incorporated in its labels." *Id.* But the amended complaint never identifies any particular "website

22   misrepresentations." Understandably unsure of the import of this passing allegation, Turtle
     Mountain has moved to strike all references to its website. *See* Mot. at 12-13. In her opposition,

23   Avoy has conceded that she was not attempting to state a claim based on Turtle Mountain's
     website, but that she instead referred to the website to "demonstrate[] that even Defendant

24   recognizes the substantial similarity of its various so-called 'yogurts.'" *See* Opp'n at 22–23.
     Because Avoy has disclaimed a separate cause of action based on Turtle Mountain's website, and

25   because the Court is dismissing all the causes of action that Avoy acknowledges, the Court does
     not separately address Avoy's website allegations.

26

27   [5] Of the 65 Substantially Similar Products named in her first amended complaint, Avoy included as
     exhibits the labels for the 25 products that were "available prior to discovery." FAC ¶ 66. As with

28   the Purchased Products, all the labels provided as exhibits include "Sugar" in the list of nutrients

Case No.: 13-CV-0236-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S
MOTION TO STRIKE

**United States District Court**
For the Northern District of California

1  allegations regarding reliance for the Substantially Similar Products fail for the reasons discussed

2  above. *See Supra* Part III.A.1.

3         Because the Court holds that Avoy has failed to plead reliance with respect to the

4  Substantially Similar Products for the same reasons her allegations are insufficient as to the

5  Purchased Products, the Court GRANTS Defendant's Motion to Dismiss as to the Substantially

6  Similar Products without prejudice.

7         **B.      Unjust Enrichment**

8         Defendants' final argument is that Avoy's claim for restitution based on "unjust

9  enrichment/quasi contract" must be dismissed because California does not recognize "unjust

10  enrichment" as a separate cause of action. Mot. at 25. The Court agrees.

11         Despite some inconsistency in the law, several recent decisions by the California Court of

12  Appeals have held that "[u]njust enrichment is not a cause of action, just a restitution claim." *Hill*

13  *v. Roll Intl. Corp.*, 195 Cal. App. 4th 1295, 1307 (2011); *accord Levine v. Blue Shield of Cal.*, 189

14  Cal. App. 4th 1117, 1138 (2010); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370

15  (2010); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003). In light of this

16  recent authority, this Court has previously determined that there is no cause of action for unjust

17  enrichment under California law. *See, e.g.*, *Brazil*, 935 F. Supp. 2d at 966–67; *Low v. LinkedIn*

18  *Corp.*, 900 F. Supp. 2d 1010, 1030–31 (N.D. Cal. 2012); *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d

19  785, 814 (N.D. Cal. 2011); *accord Ferrington v. McAfee, Inc.*, No. 10–01455, 2010 WL 3910169,

20  at *17 (N.D. Cal. Oct. 5, 2010) (citing *Durell*, 183 Cal. App. 4th at 1370). Other federal courts

21  have similarly determined that there is no independent cause of action for unjust enrichment. *See,*

22  *e.g.*, *Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 987 (N.D. Cal. 2010) (dismissing with

23  prejudice plaintiffs' unjust enrichment claim brought in connection with claims of

24

25  and all but two of the exhibits (Exhibit 26 for Vanilla Coconut Milk and Exhibit 27 for Original
   Coconut Milk) include some form of "sugar," syrup," or "dextrose" in the list of ingredients. *See*,

26  *e.g.*, FAC Ex. 9 (label for So Delicious™ Purely Decadent Dairy Free Cookie Dough Non-Dairy
   Frozen Dessert, which includes as ingredients "cookie dough {*dark brown sugar*, rice flour,

27  chocolate chips [*sugar*, chocolate liquor, *dextrose*, cocoa butter, soy lecithin (an emulsifier), vanilla

28  extract] . . . .") (emphasis added).

Case No.: 13-CV-0236-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S
MOTION TO STRIKE

1   misappropriation and violation of the UCL because unjust enrichment does not exist as a stand-

2   alone cause of action); *LaCourt v. Specific Media, Inc.*, No. 10–1256, 2011 WL 1661532, at *8

3   (C.D. Cal. Apr. 28, 2011) (dismissing unjust enrichment claim because it "cannot serve as an

4   independent cause of action"); *In re DirecTV Early Cancellation Litig.*, 738 F. Supp. 2d 1062,

5   1091–92 (C.D. Cal. 2010) (same). In addition, restitution is already a remedy for a properly

6   pleaded UCL claim. *See Pfizer Inc. v. Super. Ct.*, 182 Cal. App. 4th 622, 631 (2010); *Colgan v.*

7   *Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 694 (2006). Therefore, any claim for

8   restitution that Avoy could assert is superfluous. See *In re Apple and AT&T iPad Unlimited Data*

9   *Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) ("plaintiffs cannot assert unjust

10  enrichment claims that are merely duplicative of statutory or tort claims.") (citing cases).

11          Accordingly, the Court GRANTS Defendants' Motion to Dismiss Avoy's claim for

12  Restitution Based on Unjust Enrichment/Quasi Contract with prejudice.

**IV.     CONCLUSION**

14          For the foregoing reasons, the Court GRANTS with leave to amend Defendant's Motion to

15  Dismiss as to the Plaintiff's Purchased Products and Substantially Similar Products, on the basis

16  that Plaintiff failed to plead those claims with the particularity required under Federal Rule of Civil

17  Procedure 9(b).

18          The Court GRANTS with prejudice Defendant's Motion to Dismiss Plaintiff's claim for

19  Restitution Based on Unjust Enrichment/Quasi Contract.

20          The Court DENIES as moot Defendant's Motion to Strike.

21          If Plaintiff wishes to file an amended complaint addressing the deficiencies identified in

22  this Order, Plaintiff must do so within 21 days of this Order. Plaintiff may not add new claims or

23  parties without seeking Defendant's consent or leave of the Court pursuant to Federal Rule of Civil

24  Procedure 15. Plaintiff's failure to file an amended complaint within 21 days of this Order or

25  failure to cure the deficiencies in this Order will result in a dismissal of this case with prejudice.

26  **IT IS SO ORDERED.**

27

28

Case No.: 13-CV-0236-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S
MOTION TO STRIKE

*United States District Court*
For the Northern District of California

Dated: February 14, 2014

_Lucy H. Koh_____
LUCY H. KOH
United States District Judge

Case No.: 13-CV-0236-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S
MOTION TO STRIKE